# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IVORY MCALPINE and ) | |
| GARTHA MCALPINE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: |
| v. ) | 2:15-cv-0191-JEO |
| ) | |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This is a personal injury action that was removed from Alabama state court based upon an invocation of the court's diversity jurisdiction under 28 U.S.C. § 1332.  (Doc.[1] 1 (Not ice of Removal ("NOR"))).  The case was assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference dated January 2, 2015.  The cause now comes to be heard on a motion by Plaintiffs Ivory and Gartha McAlpine seeking remand to state court, based upon the alleged failure of Defendant Home Depot U.S.A., Inc.  ("Home Depot" or Defendant) to establish the requisite amount in controversy.  (Doc. 6).  The parties have fully briefed the issues.  (Docs. 5, 7, 8).  Upon consideration, Plaintiffs' motion to remand is due to be granted.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet.

**I.     BACKGROUND**

Plaintiffs filed this action on December 22, 2014, in the Circuit Court of Jefferson County, Alabama.  (Doc. 1 at 10 (hereinafter "Complaint" or "Compl.")).  In their complaint, Plaintiffs allege that on or about December 8, 2014, Mr. McAlpine was a business invitee on the premises of Home Depot and that Mr. McAlpine slipped and fell on a flower tray.  Plaintiffs allege Mr. McAlpine sustained various injuries as a result of the incident.  He asserts claims for negligence and wantonness.  Additionally, Plaintiffs claim injuries and damages sustained by Mrs. McAlpine as the wife of Mr. McAlpine for loss of services and consortium.

Home Depot removed the action to this court, founding jurisdiction upon 28 U.S.C. § 1332(a)(1).  (NOR).  Under that statute, a federal district court may hear a civil action (1) that is between citizens of different states and (2) where the matter in controversy exceeds $75,000, exclusive of interest and costs.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006); *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806), overruled on other grounds, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson,* 2 How. 497, 43 U.S. 497, 555 (1844); *see also* U. S. Const. Art. III, § 2.  In support of removal, Home Depot asserts that the parties are of diverse citizenship and that "[t]he amount in controversy in this case more

than likely exceeds $75,000.00 exclusive of costs." (NOR ¶ 6). On the latter point, Home Depot premises this statement on "communications with Plaintiffs" wherein it "learned Plaintiffs are claiming expenses for hip surgery and a hospitalization of at least five days for their alleged injuries."" (*Id*. at ¶ 5). Home Depot also states, "In addition to the cost of medical treatment, plaintiffs are also claiming damages for pain and discomfort, mental anguish and permanent impairment. Plaintiffs are also claiming punitive damages." (*Id*.)

Plaintiffs have now filed a motion to remand based on an alleged want of subject-matter jurisdiction. (Doc. 6). Plaintiffs argue that the defendant has not demonstrated by a preponderance of the evidence that the amount in controversy likely exceeds the requisite amount. (*Id*. at 2). To the contrary, they argue that the amount for purposes of removal "is based on pure speculation." (*Id*.) They further note that the defendant "has failed to submit any evidence whatsoever that the amount in controversy exceeds the jurisdictional amount." (*Id*.) They also state that under the circumstances, the court has no way to make an informed decision as to the value. (*Id*.) In support, they point out the following:

> There has been no discovery conducted in the case at bar. The amount of the Plaintiff's medical bills are unknown at this time. There have been no demands in this case. Medical discovery is on-going and there has been no medical opinion offered to date as to Plaintiff's medical damages. At this time this case is not postured to

3

evaluate for settlement purposes.

(Doc. 6 at 3).

## II.     DISCUSSION

### A.     Removal Generally

A defendant generally may remove a civil action filed in a state court if the action could have been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To effect such a removal, defendants are required to file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served in the action. 28 U.S.C. § 1446(a); *Roe v. Michelin N. Amer., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010). After a case is removed, however, if the district court determines at any time before entry of final judgment that it lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638-39 (2009). Further, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.

1999)); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006).

### B.    The Burden of Proof

The removing party generally bears the burden of proof regarding the existence of federal subject-matter jurisdiction. *Vestavia Hills*, 676 F.3d at 1313 n. 1 (citing *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)); see also *Miedema*, 450 F.3d at 1328. Home Depot removed the instant action based upon the alleged existence of jurisdiction under 28 U.S.C. § 1332(a)(1). There is no dispute that the parties are completely diverse; the only jurisdictional question, rather, is whether the amount-in-controversy has been met.

In *Snellgrove v. Goodyear Tire & Rubber Co.*, 2014 WL 235367 (N.D. Ala. 2014), United States District Judge Virginia E. Hopkins set forth the applicable considerations for a case such as this. She stated:

> If, as in this case, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The Eleventh Circuit has stated:
>
> > We reiterate that the burden of proving jurisdiction lies

> with the removing defendant.  A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.  *See  Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Allen* [*v. R&H Oil & Gas Co.*, 63 F.3d [1326,] 1335 [(11th Cir. 1995)]; *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); *see also  Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (stating that removing defendant must make "affirmative showing ... of all the requisite factors of diversity jurisdiction").

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

"In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir.2010) (footnotes omitted).  When this method is used, a removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy.  *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)).  However, "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

The defendant is not always required to provide extrinsic evidence of the amount in controversy.  As the Eleventh Circuit has noted, sometimes

it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id*. at 754 (quoting *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001)).

If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id*. (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *See id*. at 770 (quoting *Roe v. Michelin N. Am., Inc*., 637 F. Supp. 2d 995, 999 (M. D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and

>  common sense in determining whether the case stated in
>  a complaint meets federal jurisdictional requirements.
>
> *Roe*, 613 F.3d at 1061–62.

*Snellgrove*, 2014 WL 235367 at **2-3. Additionally, as noted by Judge Hopkins elsewhere, "The overall point in this analysis is that 'a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' " *Jones v. Novartis Pharmaceuticals Co.*, 952 F. Supp. 2d 1277, 1283 (N. D. Ala. 2013) (citing *Pretka*, 608 F.3d at 754).

    **C.**    **Analysis of the Amount in Controversy in This Case**

As noted above, the defendant argues the amount in controversy has been met in view of the fact that Plaintiffs are claiming expenses and damages for Mr. McAlpine's injuries; his hip surgery and a hospitalization of at least five days; his future medical bills; his pain and discomfort; his mental anguish; his permanent impairment; loss of consortium damages on behalf of Mrs. McAlpine; and punitive damages. (NOR at ¶¶ 11, 20 & 24 & p. 7).

In the present case, as in *Snellgtove*, "while the court's experience and common sense certainly informs it" that a hip injury, surgery, hospitalization, and future medical bills "can be expensive, for it to say, based only on the bare allegations of the complaint, that the costs of each of them, or all [four] combined,

exceeds $75,000 would 'amount to unabashed guesswork, and such speculation is frowned upon.'" *Snellgrove*, 2014 WL 235367, *4 (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210-11 (11th Cir. 2007). The addition of claims for pain and discomfort, mental anguish, permanent impairment, and loss of consortium "also do not help the court in the absence of more specifics." *Id*. "Finally, the court cannot say that the claims for punitive damages, without a clear picture of the dollar value of compensatory damages, or more facts describing the defendant['s] alleged conduct, will make this case worth more than $75,000." *Id*. There simply is insufficient information for the court to find by a preponderance of the evidence that the mount in controversy more likely than not exceeds the jurisdictional amount.

In reaching this conclusion, the court has considered the affidavit of Adrianne Valentine, the Manager of the Fairfield Home Depot Store. (Doc. 8 at 7). However, the only facts it provides are that Ms. Valentine was informed Mr. McAlpine fell at the store, broke his hip, was hospitalized and would require surgery. (*Id*. at ¶ 3). This adds little, if anything, to the allegations in the complaint. It certainly does not set forth facts that "assist the court in its analysis" of the jurisdictional amount. *Snellgrove*, 2014 WL 235367, *8.

While there are instances where this court would find the jurisdictional

amount is satisfied in the absence of a specific demand, this case is not one such case. It is very different from the situation in *Jones* where Judge Hopkins found that the jurisdictional amount was satisfied in spite of an unspecified demand. Judge Hopkins noted in that defective drug case:

> Put more succinctly by NPC, it "defies logic and common sense" that Ms. Jones would be seeking $75,000 or less "given [her] allegations of three major surgeries, painful ongoing physical therapy, continuing pain and suffering, both physical and mental, permanent injuries and disabilities, and future medical bills, as well as punitive damages against a major corporation (and up to 30 fictional defendants)." .... Given this "reasonable deduction," the court finds that "judicial experience and common sense" dictate that Ms. Jones's allegations "facially establish the jurisdictionally required amount in controversy." *Roe*, 613 F.3d at 1063.

*Jones*, 952 F. Supp. 2d at 1284. The complaint in that case was much more detailed than the complaint here, and the circumstances were more egregious and substantial.[2]

---

[2] The complaint in *Jones* alleged that as a result of Jones's use of Reclast, a drug manufactured by Novartis, she suffered numerous injuries, including the following:

> • That her right femur fractured, requiring surgical repair and placement of rods and screws;
>
> • That she incurred pain and a stress reaction in her left femur that also required surgery to place rods and screws to prevent a complete fracture;
>
> • That she underwent an unnecessary lumbar discectomy (back surgery) in a misguided attempt to alleviate her right thigh pain;
>
> • That she underwent and continues to undergo "painful physical therapy" and "continues to suffer pain in and about efforts to strengthen her legs";

## III. CONCLUSION

Based on the foregoing, the court finds that the defendant has not carried its

---

• That she is suffering from "loss of mobility";

• That she incurred medical bills and will continue to do so in the future;

• That she experienced "pain and suffering, mental anguish, anxiety and worry," both in the past and continuing into the future; and

• That she has and continues to experience "loss of enjoyment of life and a diminished quality of life."

*Jones*, 952 F. Supp. 2d at 1283 (record citations omitted).  She further maintained that her injuries were permanent in nature. Jones also named thirty fictitious entities as defendants, including those who:

• Participated in the manufacture of Reclast;

• Distributed or participated in the distribution of Reclast;

• Wrote, designed, approved, modified, and/or participated in the writing and production of the labeling for Reclast;

• Were responsible for ensuring, checking, and/or confirming that the warnings and label on Reclast were accurate and adequate to advise and warn users of the dangers of femur fractures;

• Were responsible for testing and reporting test results of Reclast to users;

• Approved statements made, or made statements and representations, regarding the safety of and use of Reclast;

• Are the successors-in-interest of any of the named or above-described fictitious party defendants; and

• Aided and abetted the wrongdoing alleged.

*Id*. at 1284 (record citations omitted). Finally, Jones sought punitive damages against Novartis (and presumably the other defendants) for "consciously or deliberately engag[ing] in oppression, fraud, wantonness, or malice with regard to" her.  *Id.* (record citations omitted).

burden of demonstrating the requisite amount in controversy by a preponderance of the evidence.  Plaintiffs' motion to remand this action to state court (doc. 6) is hereby **GRANTED**.  The Clerk of the court is **DIRECTED** to **REMAND** this case to the Circuit Court of Jefferson County, Alabama for further proceedings.

It is **SO ORDERED** this the 12th day of May, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge